UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE AKINLEMIBOLA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTUIT, INC.,<br><br>　　　　Defendant. | Case No. 24-cv-07172-NW<br><br>**ORDER VACATING ORDER TO SHOW CAUSE HEARING; DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**<br><br>Re: ECF No. 137 |

Plaintiff Grace Akinlemibola ("Plaintiff"), who is self-represented, brought five claims against Defendant Intuit Inc. ("Defendant") under California law. Compl., ECF No. 1. Defendant moved to dismiss Plaintiff's complaint. Mot. to Dismiss, ECF No. 9. On March 27, 2025, the Court granted Defendant's motion to dismiss with leave to amend in part. ECF No. 124. The Court dismissed Plaintiff's negligence and intentional infliction of emotional distress claims without leave to amend, but granted Plaintiff leave to amend her defamation, tortious interference with prospective economic advantage, and fraud claims by no later than Friday, April 18, 2025. *Id*. Plaintiff did not file an amended complaint.

Between late March and early April 2025, Plaintiff filed a motion for reconsideration of the order granting the motion to dismiss, and two motions to disqualify the undersigned judge. ECF Nos. 125, 126, 129. The Court dismissed Plaintiff's motions to disqualify and motion for reconsideration. ECF Nos. 130, 131. The Court notes that prior to February 24, 2025, this matter was assigned to a different judge, and Plaintiff filed several similar motions to disqualify, all of which were denied. ECF Nos. 55, 70, 72, 74. The prior judge reminded Plaintiff numerous times that Plaintiff must comply with Court orders, as well as federal and local rules of civil procedure. *See e.g.*, ECF No. 70.

1  On April 29, 2025, after Plaintiff failed to amend her complaint, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute ("OSC"). ECF No. 137. Plaintiff immediately filed two motions to disqualify the judge, which the Court denied as frivolous, noting that: "[o]ver the course of this case, Plaintiff has raised various concerns regarding three different judges in this District, including 'an administrative motion' seeking information against the first judge assigned to this matter, three motions to disqualify the second judge assigned to her case, and four motions to disqualify the undersigned judge." ECF Nos. 128, 132, 143.

On May 4, 2025, Plaintiff filed a brief opposition to the OSC, in which she explained, using graphic and inappropriate language, her refusal to amend her complaint, including because, "Plaintiff staunchly believes she drafted her Complaint correctly the first time." ECF No. 140. Plaintiff further explained that her case should be resolved by an appellate court. *Id.* Defendant filed a response correctly noting that Plaintiff's election not to file an amended complaint is grounds to dismiss Plaintiff's case with prejudice. ECF No. 144. On May 12, 2025, without leave of court, Plaintiff filed a sur-response, in which Plaintiff again used inappropriate language, in this instance to disparage Defendant. ECF No. 145.

Plaintiff chose not to file an amended complaint. She has therefore failed to comply with the Court's March 27, 2025 order, and failed to prosecute her case.

District courts have broad authority to efficiently manage their dockets and resolve cases. *Dietz v. Bouldin,* 579 U.S. 40, 47 (2016). The Court has inherent power "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-6 (1962).

The Federal Rules of Civil Procedure also provide district courts with a range of tools to assist judges in exercising their broad authority. For example, pursuant to Rule 16(f), the Court may order sanctions, including the sanction of dismissal, for violation of a pretrial order. Fed. R. Civ. P. 16(f) (a judge may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)" if a party violates a pretrial order as provided in Fed. R. Civ. P. 37(b)(2)(C);

2

Rule 37(b)(2)(C) provides for the sanction of dismissal); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987) (dismissal proper where plaintiff "willfully failed to comply with pretrial order").

In addition, Rule 41(b) enables the Court to order dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). District courts have authority to dismiss *sua sponte* under Rule 41(b). *Link*, 370 U.S. at 629 (1962). Pursuant to Rule 41(b), judgment is appropriate where a plaintiff has failed to file an amended complaint in a timely manner per a court order.[1] *Braun v. Yahoo! Inc.*, 776 F. App'x 435, 435 (9th Cir. 2019) (dismissal was appropriate because plaintiff failed to file a second amended complaint, and to explain why he did not do so, as ordered by the court); *Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996) (dismissal with prejudice was appropriate for failure to prosecute case).[2]

Pursuant to Rules 16(f) and 41(b), and the Court's broad and inherent authority to efficiently manage cases as discussed above, Plaintiff's action is hereby DISMISSED, and the Court shall enter judgment in favor of Defendant.

/ / /

/ / /

/ / /

---

[1] The standards governing dismissal for failure to obey a court order are essentially the same under Rules 16(f) and 41(b). *See Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986).

[2] While the district court is not required to make explicit findings, when the court is determining whether to dismiss a case for failure to comply with a court order, it should balance the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992), *as amended* (May 22, 1992). Here, these factors all weigh in favor of dismissal, especially given Plaintiff's clear and direct decision not to amend her complaint, despite both the Court's March 27, 2025 order granting Defendant's motion to dismiss, and the Court's April 29, 2025 order to show cause. As with all cases, the public has an interest in the efficient resolution of this matter. To serve the public and address all cases currently before the Court, the Court must thoughtfully manage the docket. The Court's dismissal of this action does not prejudice Defendant. The general public policy that favors the disposition of a case on the merits is inapplicable here as Plaintiff has elected not to have her case go forward before this Court. Finally, the Court considered and implemented alternatives, including requiring Plaintiff to amend her complaint if she wanted to proceed with her case, and gave her an opportunity to show good cause why she failed to do so. Plaintiff rejected those options.

The Court VACATES the hearing set for May 28, 2025, and directs the Clerk to dismiss this case.  Plaintiff's motion to appear remotely at the May 28, 2025 hearing (ECF No. 141) is terminated as moot.

**IT IS SO ORDERED.**

Dated:  May 14, 2025

Noël Wise
United States District Judge